UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OS INTERNATIONAL, INC.,

        Plaintiff,

   – against –

TAIYO SEAFOOD NY INC.,

        Defendant.

**OPINION AND ORDER**

19 Civ. 3238 (ER)

Ramos, D.J.:

On July 18, 2019, default judgment in this action was entered in favor of OS International, Inc. ("Plaintiff"). Doc. 23. Plaintiff now moves for attorney's fees. Doc. 24. For the reasons set forth below, Plaintiff's motion is GRANTED in part.

## I. BACKGROUND

The parties entered into a contract for the sale of seafood on July 19, 2018. Doc. 2 ¶ 6. On the same date, Taiyo Seafood NY Inc. ("Defendant") returned a completed credit application to Plaintiff. *Id.* ¶¶ 6-7. The credit application provided in part that "[a]ccounts paid in the time frame will be charged 1.5% interest rate per month and future orders will be C.O.D. basis until the account is current. Should collection or [l]egal action be required to collect past dues, fees for such action will be added to your account." *Id.* ¶ 7; Doc. 2, Ex. B.

Plaintiff commenced this action on April 15, 2019 against Defendant for breach of contract, account stated, and conversion, seeking damages in the amount of $76,419.53 plus 1.5% interest per month. Doc. 2. Defendant was served on May 21, 2019. Doc. 8. On June 7, 2019, Plaintiff filed a motion for the entry of default judgment. Doc. 16. That motion was denied without prejudice, and Defendant was directed to show cause on July 18, 2019 as to why

the Court should not enter judgment against it. Docs. 21, 22. Defendant failed to appear before the Court on that date, and judgment was ultimately entered in Plaintiff's favor on July 18, 2019. Doc. 23. On August 1, 2019, Plaintiff moved to collect $9,475 from Defendant for attorney's fees and costs. Doc. 24. Defendant did not respond to the motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) requires a party to move "for attorney's fees and related nontaxable expenses . . . no later than 14 days after the entry of judgment." Where a contract provides for the award of attorneys' fees and costs to a prevailing party, the court may award fees that are considered reasonable. *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, No. 12 Civ. 1337 (KNF), 2014 WL 6632937, at *4 (S.D.N.Y. Nov. 24, 2014) (citing *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)). In determining whether attorneys' fees are reasonable, New York has adopted the "lodestar" method outlined by the United States Supreme Court. *See Perdue v. Kenny A.*, 559 U.S. 542, 551–52 (2010). Therefore, under New York law, "[a] request for legal fees is presumptively reasonable where the fees sought are 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Gaia House Mezz LLC v. State St. Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To calculate the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, 08 Civ. 1335 (LTS) (FM), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). To calculate the reasonable number of hours worked, "the court takes account of claimed hours that it views

as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Ultimately, a district court has broad discretion in setting fee awards. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *see also Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) ("In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." (citation omitted)).

**III. ANALYSIS**

The Court finds that Plaintiff is entitled to partial recovery of the attorneys' fees and costs that it incurred. The agreement between the parties states that "[s]hould collection or [l]egal action be required to collect past dues, fee for such action will be added to your account." Doc. 2 ¶ 7; *id.*, Ex. B. Legal action to collect past dues was commenced on April 15, 2019. Doc. 2. Judgement for Plaintiff in this matter was entered on July 18, 2019. Doc. 23. Plaintiff timely moved for attorneys' fees and costs within fourteen days, on August 1, 2019. Doc. 24. The motion was unopposed.

However, given the nature of this case, the Court finds that the $9,475 award sought by Plaintiff is too high. This case was not particularly complex and was unopposed at every stage of the litigation. Even though the hourly rate charged by the attorney in this case was extremely reasonable,[1] the Court finds that the number of hours worked was "excessive, redundant, or

---

[1] The attorney's hourly rate in this case was $250. Courts have found rates similar to, or higher than, these rates to be reasonable in the Southern District of New York. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 589 (S.D.N.Y. 2008) (partner rate of $700- $750 per hour and associate rate of $300-$550 per hour found reasonable); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at *9 (S.D.N.Y. Sep. 29, 2003) (hourly rates from the year 2003 of $650 per hour for partners and $300-$425 per hour for associates found reasonable for "topflight New York City law firm"); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 46 (2d Cir. 2000) (rate of $550 per hour in 1996 was justified to "recognize the quality of the representation rendered").

otherwise unnecessary." *Hensley*, 461 U.S. at 434. Therefore, the Court will award $5,685—or sixty percent of $9,475—in attorney's fees and costs.

## IV.     CONCLUSION

For the reasons set forth above, the Court enters judgment in the amount of $5,685 to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 24.

It is SO ORDERED.

Dated: October 10, 2019
      New York, New York

                                              Edgardo Ramos, U.S.D.J.